UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-22969-ELFENBEIN

**U.S. BANK NATIONAL ASSOCIATION**,

    Plaintiff,

v.

**SIZA INVESTMENT GROUP, INC.**, *et al.*,

    Defendants.
_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. On July 2, 2025, Defendants, Federico Bautista and SIZA Investment Group, Inc., filed a Notice of Removal in which they allege the Court has federal question jurisdiction over the claims in the Complaint under 28 U.S.C. § 1331 because "this action contains claims made pursuant to 15 U.S.C. § 1692a," which is the Federal Debt Collection Practices Act ("FDCPA"). *See* ECF No. [1] at 2. The Notice of Removal also states that Defendants have filed "copies of all relevant process, pleading, orders, and other papers or exhibits filed in the State Court" as Exhibit A. *Id.* at 1. On July 7, 2025, Defendants filed an Amended Notice of Removal noting Defendant Zuheily Mendoza's consent to removal and reiterating that this Court has subject-matter jurisdiction over the claims because Defendants raise claims under the FDCPA, 15 U.S.C. § 1692. *See* ECF No. [4]. The Court has reviewed the record to determine whether it has subject-matter jurisdiction over the claims in this case, and as explained below, concludes that it does not.

A "court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410

(11th Cir. 1999). "[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction." *Id.* "Therefore, when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Id.*

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have "original jurisdiction in federal-question cases — civil actions that arise under the Constitution, laws, or treaties of the United States" — and, if the amount in controversy exceeds $75,000, "in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *see also* 28 U.S.C. §§ 1331–32. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction.").

Here, Defendants assert that the Court has federal question jurisdiction under 28 U.S.C. § 1331 as this case involves claims under the FDCPA. The Court's review of the Verified Complaint for Mortgage Foreclosure and Breach of Guaranty (the "Complaint"), attached as Exhibit 1 to the Notice of Removal as part of the state-court proceedings, reveals that Plaintiff asserted a two-count Complaint against the Defendants. *See* ECF No. [1] at 11-17. Count 1 alleges a claim for

Mortgage Foreclosure and Count 2 alleges a claim for Breach of Guaranty. *Id.* The Complaint, however, is devoid of any claims under the FDCPA or any other federal statutory claim. *See generally id.* Instead, the second to last page of the Complaint contains the following language:

> **TO ALL DEFENDANTS: PLEASE NOTE THAT EFFECTIVE OCTOBER 13, 2006, 15 U.S.C. § 1692G OF THE FAIR DEBT COLLECTION PRACTICES ACT HAS BEEN AMENDED AS FOLLOWS:**
> **(a) LEGAL PLEADINGS – Section 809 of the Fair Debt Collection Practices Act (15 .S.C. [*sic*] §1692g) is amended by adding at the end of the following new subsection:**
> **"(d) Legal Pleadings – A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)."**

*See* ECF No. [1] at 16 (emphasis in original). This statement, however, is not a claim under the FDCPA. It is simply a disclaimer that the Complaint does not constitute an initial communication under the FDCPA. Based on the Court's review of the Complaint, the Court does not see any claims under the FDCPA or any claims raising a federal question. The Court has also *sua sponte* reviewed all filings attached to the Complaint from the state-court proceedings to determine whether Defendants raised any claims under the FDCPA in the form of a counterclaim, cross-claim, or third-party claim, but no such pleadings are in the record. As the record currently stands, there is no basis to assert federal question subject-matter jurisdiction.

In an abundance of caution, because Defendants are *pro se*, the Court has also reviewed the Complaint to determine whether diversity jurisdiction exists in this case. To establish diversity jurisdiction, the record must contain allegations or evidence about the citizenship of each party. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268–69 (11th Cir. 2013); *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 382 (1904) (noting that the "whole record . . . may be looked to, for the purpose of curing a defective averment of citizenship, where jurisdiction in a Federal court is asserted to depend upon diversity of citizenship, and if the requisite citizenship is anywhere

expressly averred in the record, or facts are therein stated which, in legal intendment, constitute such allegation, that is sufficient"). That is because "the diversity jurisdiction statute requires *complete* diversity," *see, e.g.*, *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1303 (S.D. Fla. 2016) (emphasis in original), which means "no plaintiff" can be "a citizen of the same state as any defendant," *see Travaglio*, 735 F.3d at 1268.

"Citizenship, not residence, is the key fact . . . to establish diversity for a natural person. For a corporate defendant" the key fact is "either the corporation's state of incorporation or principal place of business." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 188 (1990) (noting that corporations are presumed conclusively to be citizens of their State of incorporation); *Dome v. Celebrity Cruises Inc.*, 595 F. Supp. 3d 1212, 1220 (S.D. Fla. 2022) (noting that, for diversity jurisdiction purposes, corporations are citizens of every state by which they have been incorporated and of the state where they have their principal place of business). A limited liability company is a citizen of any state of which a member of the company is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). "If there is jurisdiction, then removal is appropriate and the court may proceed to the merits of the case." *Am. Tobacco Co.*, 168 F.3d at 410. But "all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* at 411.

According to the Notice of Removal, Plaintiff is "formed under the laws of the State of Florida who does business in this District, whose member is domiciled in the state of New York." *See* ECF No. [1] at 2. As to Defendants, the Notice of Removal states that Defendant SIZA Investment Group, Inc., "is a Florida corporation domicile[d] in the state of Florida which own[s] property in this District" and Defendant Federico Bautista "is domiciled in the state of Florida and a Florida resident who resides in this District." *Id.* Upon review of the Notice of Removal,

CASE NO. 25-CV-22969-ELFENBEIN

complete diversity is lacking as both Plaintiff and the Defendants are citizens of the same state — Florida.  Without complete diversity between the Parties, diversity jurisdiction cannot exist.

As this Court lacks subject-matter jurisdiction over Plaintiff's claims, this action is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of Court is directed to **CLOSE** this case.  All deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED** as **MOOT**.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on July 23, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:     All Counsel of Record

Federico Bautista
8950 SW 74th Court
Suite 2224
Miami, FL 33156
PRO SE

Zuheily Mendoza
1150 NW 72nd Ave
Suite 515
Miami, FL 33126
PRO SE